UNITED STATES of America, Plaintiff–Appellee

v.

Danny COVINGTON, Defendant–Appellant.

No. 11–10074
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 21, 2011.

Susan Cowger, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender, Douglas Anthony Morris, Esq., Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

708

Appealing the judgment in a criminal case, Danny Covington presents arguments that he concedes are foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir.2001), which rejected a Commerce Clause challenge to the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), and *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir.1988), which held that a conviction under § 922(g) does not require proof that the defendant knew that the firearm in his possession had an interstate nexus and that he was a felon. In addition, Covington presents arguments that are foreclosed by *United States v. Rose*, 587 F.3d 695, 705–06 & n. 9 (5th Cir.2009), *cert. denied*, —— U.S. ——, 130 S.Ct. 1915, 176 L.Ed.2d 387 (2010), which held that *Flores–Figueroa v. United States*, 556 U.S. 646, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), did not alter the proof required in a § 922(g)(1) case. Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.